[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-14793
Non-Argument Calendar

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 22, 2005**
**THOMAS K. KAHN**
**CLERK**

D.C. Docket No. 98-00052-CR-ORL-19-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHANTAL McCORKLE,
WILLIAM J. McCORKLE,
a.k.a. William T. McCorkle,

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Middle District of Florida

_____

**(July 22, 2005)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

In United States v. Venske, 296 F. 3d 1284 (11th Cir. 2002, cert. denied,

124 S. Ct. 549 (2003), we affirmed appellants' multiple convictions, including a

money laundering conspiracy, for participating in a fraudulent telemarketing scheme. We vacated their sentences, however, and remanded the case for resentencing because the district court, in establishing the base offense levels for the money laundering conspiracy, failed to determine which object of the conspiracy the evidence established, i.e., that appellants had executed the conspiracy to promote the fraud or to conceal the fraud or both. Id. at 1292-94.

By the time the district court scheduled the resentencing hearing, the Supreme Court had decided Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). At the hearing, appellants, citing Apprendi,, contended that the Sixth Amendment precluded the district court from making the above determination regarding the object(s) of the money laundering conspiracy. They also objected in a general way to the court's use of facts they did not admit or the jury did not find in determining the appropriate sentence ranges under the Guidelines. The court overruled their objections and resentenced each of them to same sentences initially imposed—prison terms totaling 292 months. They appeal those sentences.

Before the briefing of this appeal closed, the Supreme Court, in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 402 (2004), made Apprendi's rationale applicable to state mandatory guidelines sentencing systems

2

similar to the federal Sentencing Guidelines System.   And after briefing closed, the Court made <u>Apprendi</u> and <u>Blakley</u> applicable to the federal system.  <u>United States v. Booker</u>, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  In their briefs, appellants renew their <u>Apprendi</u> objections, which have now been transformed into <u>Booker</u> objections; we therefore treat them as such.

Under <u>Booker</u>, any fact, other than a prior conviction, which is necessary to support a sentence exceeding the maximum sentence authorized by statute must be established by the defendant's admission or the verdict of a jury (based on the beyond-a-reasonable-doubt standard).  <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 756. District courts still are to make the appropriate guideline calculations using the "real" facts of the crime of conviction.  <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 759-62, 764, 767.  <u>Booker</u> error, then,

> is not that there were extra-verdict enhancements – enhancements based on facts found by the judge that were not admitted by the defendant or established by the jury verdict – that led to an increase in the defendant's sentence.  The error is that there were extra-verdict enhancements used in a mandatory guidelines system.

<u>United States v. Rodriguez</u>, 398 F.3d 1291, 1300 (11th Cir. 2005), <u>cert. denied</u> (No. 04-1148) (June 20, 2005).

To preserve <u>Booker</u> error, a defendant must raise a constitutional objection by referring to the Sixth Amendment, <u>Apprendi</u> or other related cases, or the right

3

to have the jury decide the disputed fact, or raise a challenge to the role of the judge as factfinder with regard to sentencing. United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir. 2005). Because appellants presented Apprendi objections to the district court's Guidelines calculations, we treat the objections as preserved error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

Booker admits of two possible errors. First, as noted above, Sixth Amendment error can occur when, under a mandatory guidelines system, a sentence is enhanced as a result of findings made by the judge that went beyond the facts admitted by the defendant or found by the jury. Id. Second, even if no Sixth Amendment violation occurs –that is to say, the sentence is not based on any judge-determined enhancements—Booker statutory error can occur if the defendant is sentenced under a mandatory guideline scheme. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

There are two harmless error standards. In a case of constitutional error, the government must show beyond a reasonable doubt that the error did not contribute to the defendant's ultimate sentence. Paz, 405 F.3d at 948. The government cannot carry this burden if it is evident that, had the district court treated the Guidelines as advisory rather than mandatory, the sentence would have been shorter. Id. at 949. In a case of statutory error, the error is harmless, if

4

viewing the proceedings in their entirety, we determine that the error did not affect the sentence or had but very slight affect. United States v. Mathenia, No. 04-15250, slip. op. at 2328-29 (11th Cir. May 23, 2005). Once again, the government has the burden of proving harmlessness.

Here, both constitutional and statutory error occurred. The district court sentenced both appellants using a mandatory guidelines scheme and enhanced their sentences based on facts they neither admitted nor the jury found. Moreover, the court repeatedly expressed misgivings about the severity of the sentences it was handing down. In sum, with respect to the constitutional error, the Government has failed to show beyond a reasonable doubt that the error was harmless, and with respect to the statutory error, it fails to meet Mathenia's test.

We therefore vacate appellants' sentences and remand the case for resentencing.[1]

SO ORDERED.

---

[1] In addition to the Booker errors, appellants challenge the methodology the district court employed in determining the value of the funds laundered. Among other things, they contend that the court's use of gross business receipts was inappropriate; instead, the court should have determined the value using the method prescribed for calculating fraud loss under U.S.S.G. § 2F1.1. Although the court will, on remand, hold a new sentencing hearing, we address these contentions because they are likely to be renewed. We have considered the arguments appellants have advanced in their briefs and find them without merit. In short, we find no clear error in the manner in which the court arrived at its guideline determinations. Thus, on remand, the court's task will be, first, to follow the applicable Guidelines, and, then, as Booker instructs, address the statutory sentencing purposes set out in 18 U.S.C. § 3553(a). After taking these steps, the court will fashion sentences it deems appropriate and reasonable under the circumstances.