[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

No. 08-10371
Non-Argument Calendar
_____

D. C. Docket Nos. 06-00950-CV-ORL-19-UAM,
98-00052-CR-ORL

WILLIAM J. MCCORKLE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2009)

Before TJOFLAT,  BIRCH and HULL, Circuit Judges.

PER CURIAM:

Petitioner is a federal prison inmate.  He appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate his sentences, claiming that he was denied Sixth Amendment right to effective assistance of counsel because of a conflict of interest involving his trial counsel.[1]  We granted his motion to a certificate of appealability ("COA") as to the following issues:

(1) Whether the trial court conducted an adequate United States v. Garcia, 517 F.2d 272 (5th Cir. 1975)[, abrogated in part by United States v. Flanagan, 465 U.S. 259, 263, 104 S.Ct. 1051, 1053, 79 L.Ed.2d 288 (1984)], hearing to discern whether there as a conflict of interest resulting from trial counsel's possible participation in [McCorkle's] criminal activity.

(2) Whether [McCorkle] waived his right to conflict-free counsel, in light of the fact that [he] may not have been informed at the hearing held pursuant to Garcia of the potential consequences of proceeding to trial with an attorney who may have been involved in [McCorkle's] criminal conduct.

(3) If [McCorkle] did not waive his right to conflict-free counsel, whether trial counsel acted under a conflict of interest at trial based on his possible participation in [McCorkle's] criminal activity, and if so, whether the district court erred in finding that trial counsel was not ineffective at trial.

(4) Whether the trial court should have removed [McCorkle's] trial counsel on the basis that he may have participated in [McCorkle's] criminal activity, even if [McCorkle] waived his right to conflict-free

_____

[1]  This case is before this court for the third time.  See United States v. Venske, 296 F.3d 1284 (11th Cir. 2002) (affirming petitioner's convictions and remanding the case for resentencing); United States v. McCorkle, 321 F.3d 1292 (11th Cir. 2003) (dealing with the forfeiture of funds); and United States v. McCorkle, 141 Fed.Appx. 860, PIN (11th Cir. 2005) (vacating petitioner's sentences and remanding for resentencing).

2

counsel.

(5) Whether [McCorkle's] appellate counsels were ineffective for failing to argue that the Garcia hearing was insufficient.

I.

Petitioner contends that the Garcia hearing the district court conducted was inadequate because the court failed clearly to identify the potential conflict of interest resulting from his trial counsel's possible participation in his criminal activities. Specifically, he contends that he did not know, and the trial court did not address the possibility, that trial counsel's role in establishing a Legal Trust Account ("LTA") constituted criminal activity, thus creating a conflict of interest. He asserts that, because he was unaware of counsel's criminal activity, he did not know the legal ramifications of the conflict.

A defendant's Sixth Amendment right to effective assistance of counsel is denied when defense counsel has an actual conflict of interest that adversely affects the defendant. United States v. Rodriguez, 982 F.2d 474, 477 (11th Cir. 1993). A defendant, however, may waive his right to conflict-free counsel. See Garcia, 517 F.2d at 276. To be effective, a waiver of a constitutional right "must be an intentional relinquishment or abandonment of a known right." Garcia, 517 F.2d at

3

276 (citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)).  To be valid, a waiver must be not only voluntary, but it also must be "knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."  Garcia, 517 F.2d at 276 (citing Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756 (1970)).  The trial court must evaluate each potential conflict of interest that is apparent to the court.  Garcia, 517 F.2d at 277.  In a § 2255 motion to vacate proceeding, the burden of proof rests upon the movant to establish that he did not competently and intelligently waive his constitutional right.  See Johnson, 304 U.S. at 468-69, 58 S.Ct. 1025.

A defendant may waive his right to conflict-free counsel "by choosing to proceed to trial with an attorney who has an adverse conflict of interest." Rodriguez, 982 F.2d at 477.  A waiver of the right to conflict-free counsel "disposes of the need to evaluate the actual or potential ineffectiveness of counsel caused by the alleged conflicts of interest."  Id.  "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the [defendant]."  Id. (quotation omitted). A proper waiver "must be established by clear, unequivocal, and unambiguous

4

language." Id. (quotation omitted). In order for a waiver to be valid the record must show "that [1] the defendant was aware of the conflict of interest; [2] realized the conflict could affect the defense; and [3] knew of the right to obtain other counsel." Id. While the court should seek to elicit a narrative response from the defendant, "[m]ere assent in response to a series of questions from the bench may in some circumstances constitute an adequate waiver." Garcia, 517 F.2d at 278.

Here, the district court conducted an adequate Garcia hearing because it: (1) explained petitioner's right to conflict-free counsel; (2) elicited testimony concerning the facts and circumstance of the case; (3) discussed the rule prohibiting counsel from assisting in fraudulent conduct; (4) explained the dangers of counsel having a conflict of interest with a client; and (5) explained petitioner's right to obtain or talk with other counsel. Moreover, because the court conducted an adequate Garcia hearing, petitioner knowingly and voluntarily waived his right to conflict-free counsel as: (1) he was aware of the possible conflict of interest; (2) the court explained that a conflict could affect his defense; and (3) he knew of his right to obtain conflict-free counsel.

## II.

With regard to the third issue, petitioner first argues that counsel's representation was a per se violation of the Sixth Amendment right to effective

5

assistance because counsel participated in petitioner's criminal activities. This argument fails because this circuit does not recognize a per se violation of the right to effective assistance of counsel. See Pegg v. United States, 253 F.3d 1274, 1277 (11th Cir. 2001) (declining to apply the Second Circuit's per se analysis, but instead using the actual conflict with an adverse effect analysis). Petitioner's second argument is that counsel had an actual conflict of interest based on counsel's desire to secure payment from the LTA, which kept him from effectively representing petitioner's best interests.

Where an ineffective assistance claim is based on a conflict of interest, "a defendant must show first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance." Pegg, 253 F.3d at 1277 (emphasis omitted); see also Mickens v. Taylor, 535 U.S. 162, 172 n.5, 122 S.Ct. 1237, 1244 n.5, 152 L.Ed.2d 291 (2002) ("An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance."). "An 'actual conflict' of interest occurs when a lawyer has 'inconsistent interests.'" Freund v. Butterworth, 165 F.3d 839, 859 (11th Cir. 1999) (en banc) (citation omitted). The conflict cannot be merely possible, speculative, or hypothetical. Reynolds v. Chapman, 253 F.3d 1337, 1342 (11th Cir. 2001).

To distinguish between actual and possible conflicts of interest, we "will not find an actual conflict of interest unless [the defendant] can point to specific instances in the record to suggest an actual conflict or impairment of [his] interests." Id. at 1343. The defendant "must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative causes of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to [himself]. If he did not make such a choice, the conflict remain(s) hypothetical." Id. (citation omitted) (omission in original). "To prove adverse effect, a defendant needs to demonstrate: (a) that the defense attorney could have pursued a plausible alternative strategy, (b) that this alternative strategy was reasonable, and (c) that the alternative strategy was not followed because it conflicted with the attorney's external loyalties." Id.

Here, petitioner's attorney did not have an actual conflict of interest that adversely effected his representation of his client. Thus, petitioner was not denied effective assistance of counsel.

## III.

Petitioner argues that, because the district court knew that counsel was involved in forfeiture proceedings involving the LTA, it was fully aware of counsel's potential involvement in his criminal activities and should have

7

disqualified him. While "a criminal defendant has a presumptive right to counsel of choice, and courts should hesitate to disqualify defense counsel, . . . that right is not absolute." United States v. Ross, 33 F.3d 1507, 1522-23 (11th Cir. 1994) (citation omitted). In determining whether to disqualify counsel, the district court must balance "(1) the right to be represented by counsel of choice and (2) the right to a defense conducted by an attorney who is free of conflicts of interest." Id. at 1523 (citing Wheat v. United States, 486 U.S. 153, 162-63, 108 S.Ct. 1692, 1698-99, 100 L.Ed.2d 140 (1988)). Although a defendant may waive his right to conflict-free counsel, a district court does not have to accept waiver of that right. Ross, 33 F.3d at 1524.

Because the district court conducted an adequate Garcia hearing and was unaware that petitioner's counsel may have participated in petitioner's criminal activity, it did not err by accepting petitioner's waiver of the right to conflict-free counsel.

IV.

Petitioner's final argument is that, because he has a valid Sixth Amendment claim based on the district court's failure to explore his attorney's involvement in petitioner's criminal activity, which resulted in a conflict of interest, the lawyers who represented him in appealing his convictions and sentences were ineffective

8

by failing to raise the conflict issue on appeal.

"An ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Butler, 41 F.3d 1435, 1437 n.1 (11th Cir. 1995). Ineffective assistance of counsel claims need not be raised on direct appeal, as the Supreme Court has held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003).

Petitioner suffered no prejudice through appellate counsel's failure to challenge his Garcia hearing on direct appeal because an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, regardless of whether it was raised on direct appeal.

We have carefully reviewed the issues cited in the COA and have found no error in the district court's treatment thereof. The court's order denying § 2255 relief is, therefore,

AFFIRMED.